# EXHIBIT A

Douglas A. Oden, State Bar No. 80482
ODEN & GREENE
820 West G Street, Suite 161
San Diego, California 92101
(619) 702-0800
Email: dodenesq@ogtlaw.com

Eugene S. Thompson, State Bar No. 144779
THOMPSON LAW, APC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
(858) 585-7089/ FAX: 619-924-6621
Email: eugenet44@gmail.com

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/19/2026 at 04:37:19 PM
By: Andrel Gospel,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ANTOINE JONES,<br><br>Plaintiff,<br>v.<br><br>IONQ QUANTUM, INC., a Delaware corporation; VECTOR ATOMIC, INC., a California business entity and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO. 26CV176972<br><br>COMPLAINT FOR DAMAGES<br><br>1. Race Discrimination-Wrongful Termination<br>2. Age Discrimination-Wrongful Termination<br>3. Retaliation<br>4. Failure To Take Steps Reasonably Necessary To Prevent Harassment and Discrimination<br>5. Interference In Violation of FMLA<br>6. Retaliation In Violation of FMLA<br>7. Interference In Violation of CFRA<br>8. Retaliation In Violation of CFRA<br>9. Violation of Public Policy |

Plaintiff ANTOINE JONES alleges:

GENERAL ALLEGATIONS

1. Plaintiff ANTOINE JONES ("JONES"), is an individual and is now, and at all times mentioned in this Complaint was, a resident of Alameda County, State of California and a Printed Circuit Board Designer for Defendants.

2. Defendant IONQ QUANTUM, INC. ("ION") is a Delaware corporation organized and existing under the laws of the State of Delaware and permitted and qualified to do business in the State of California, County of Alameda. ION is an entity subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq., in that ION is an employer who regularly employs five or more persons. ION purchased Defendant VECTOR ATOMIC, INC. in October 2025.

3. Defendant VECTOR ATOMIC, INC. ("VECTOR") is a California business entity organized and existing under the laws of the State of California and permitted and qualified to do business in the State of California, County of Alameda. VECTOR is an entity subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq., in that ION is an employer who regularly employs five or more persons. VECTOR was purchased by ION in October 2025.

4. Each and every act and event complained of herein took place in the County of Alameda, State of California.

5. JONES is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. JONES is informed and believes and thereon alleges that each of the fictitiously named Defendants is maliciously, intentionally, willfully and/or negligently responsible in some manner for the occurrences herein alleged and that their acts and omissions proximately caused the herein described injuries and damages to JONES and JONES prays leave to amend this Complaint to set forth such true names and capacities when the same have been ascertained.

6. JONES is informed and believes and thereon alleges that Defendants, and each of them, were the agents, servants, employees and joint venturers of each of the other Defendants, and was at all times acting within course and scope of said agency, employment and joint venture and each Defendant has knowingly accepted and ratified the acts and omissions of each of the other Defendants.

7. On or about February 14, 2025, JONES was presented with an Employee Performance

Improvement Plan. In response to receiving the Performance Improvement Plan, JONES noted that he was not included as a teammate in that his coworkers refused to engage with him on work projects.

8. On or about November 18, 2025, the Head of Human Resources announced a dress code for a company function. There was an image of a crackhead posted after JONES left work. No personnel of Defendants addressed the offensive racist imagery.

9. On November 22, 2025, JONES made a formal report of hostile and racist work environment to the management team of Defendants. The report noted that the racist image of a black crackhead was a violation of company policy and the principles of respect and inclusion. There was neither a formal or informal apology made and JONES requested an investigation.

10. On December 16, 2025, JONES met with the Chief Executive Officer for VECTOR, Jamil Abo-Shaeer, to discuss his formal complaint of hostile and racist work environment. During this meeting, JONES was asked if he wanted to continue working at VECTOR.

11. On December 18, 2025, JONES met with his direct supervisor, Andrew Dowd, who informed JONES that he was perceived as disgruntled and difficult to work with. JONES was advised to “let things go”.

12. On December 30, 2025, JONES met with VECTOR CEO, Jamil Ab-Shaeer and was offered a separation package of 1-2 months salary. JONES was told that his co-workers were reluctant to be around him because he was “angry”.

13. On January 6, 2026, VECTOR CEO, Jamil Ad-Shaeer once again told JONES that his co-workers were less likely to interact with him because of his “anger vibes”. JONES was told to forget about his issues with the workplace and to start fresh with a smile on his face.

14. On January 14, 2026, JONES was assigned to tasks equivalent to those of a Document Control Specialist by Defendants.

15. On January 22, 2026, JONES saw Dr. Wai Kiu Lee and was placed off of work from January 22, 2026 to January 30, 2026. JONES provided a copy of this doctor’s note to management personnel.

16. On January 31, 2026, JONES saw Dr. Wai Kiu Lee and was placed off of work from

February 2, 2026 to February 11, 2026. JONES provided a copy of this doctor's note to management personnel.

17. On February 6, 2026, JONES was terminated by Defendants for allegedly violating Defendants' Timekeeping Policies and Procedures.

FIRST CAUSE OF ACTION

**(Race Discrimination-Wrongful Termination Against Defendants)**

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations as though fully set forth herein.

19. At all times relevant herein, JONES conducted himself in accordance with the policies and procedures of ION and VECTOR and performed his employment duties and responsibilities at ION and VECTOR in a proper and satisfactory manner. During his employment tenure at ION and VECTOR, JONES was the sole black senior designer.

20. JONES was presented with a Performance Improvement Plan despite being ostracized by his Caucasian co-workers. The Performance Improvement Plan given to JONES was focused upon the frustration of his Caucasian co-workers with JONES' work performance when the Caucasian co-workers were ostracizing resulting in an ill effect on his work performance. JONES is informed and believes and thereon alleges that his termination was, in fact, a pretext for discriminating against JONES on the basis of his race.

21. JONES is informed and believes and thereon alleges that his race was a substantial factor, if not the sole factor, in Defendant's discriminatory treatment of JONES in violation of Government Code Section 12940 et seq.

22. As a proximate result of said unlawful employment practices, JONES suffered damages incurred due to the loss of income and wages in an amount according to proof at trial.

23. As a further and proximate result of Defendant's unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount to be proven at trial.

24. Because the acts taken towards MILLER in said unlawful employment practice were carried out in part by VECTOR's Chief Executive Officer and others acting in a deliberate, cold,

callous and intentional manner in order to injure and damage JONES, JONES requests the assessment of punitive damages against Defendants in an amount to be proven at trial.

25. JONES has incurred reasonable attorneys' fees and costs in prosecuting this matter in an amount to be established at trial.

SECOND CAUSE OF ACTION

**(Age Discrimination-Wrongful Termination Against Defendants)**

26. Plaintiff refers and incorporates by reference each and every fact and allegation contained in paragraphs 1 through 17 of the General Allegations and paragraphs 19 through 25 of the First Cause of Action as though fully set forth herein.

27. At all times relevant herein, JONES conducted himself in accordance with the policies and procedures of ION and VECTOR and performed his employment duties and responsibilities at VECTOR and ION in a proper and satisfactory manner. Despite all of the foregoing, JONES was terminated by VECTOR and ION on February 6, 2026.

28. ION and VECTOR discriminated against JONES by engaging in a course of conduct which included subjecting JONES to disparate treatment in the workplace based upon JONES' age. JONES is informed and believes and thereon alleges that his termination was, in fact, a pretext for discriminating against JONES on the basis of his age.

29. JONES is informed and believes and thereon alleges that his age was a substantial factor, if not the sole factor, in Defendants' discriminatory treatment of JONES in violation of Government Code Section 12940 et seq.

30. As a proximate result of said unlawful employment practices, JONES suffered damages incurred due to the loss of income and wages in an amount according to proof at trial.

31. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount to be proven at trial.

32. Because the acts taken towards JONES in said unlawful employment practice were carried out by Defendants' management acting in a deliberate, cold, callous and intentional manner in order to injure and damage JONES, JONES requests the assessment of punitive damages against

Defendants in an amount to be proven at trial.

33. JONES has incurred reasonable attorneys' fees and costs in prosecuting this matter in an amount to be established at trial.

THIRD CAUSE OF ACTION

**(Retaliation Against Defendants)**

34. Plaintiff refers and incorporates by reference each and every fact and allegation contained in paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action and paragraphs 27 through 33 of the Second Cause of Action as though fully set forth herein.

35. During the course of JONES' employment with VECTOR and ION, he complained about the conduct of racially discriminatory conduct of his co-workers. On or about November 22, 2025, JONES made a formal report of hostile and racist work environment to the management personnel of Defendants which is protected activity under the Fair Employment and Housing Act. As a result of the complaints submitted by JONES to the management personnel of Defendants, he was terminated on February 6, 2026.

36. Defendants' treatment of JONES was in violation of Government Code Section 12940(e).

37. As a proximate result of said employment practice, JONES suffered damages incurred due to loss of income and wages in an amount according to proof at trial.

38. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

39. Defendants and its management's acts and omissions as described herein were willful, wanton, malicious and oppressive and done with conscious disregard for the rights of JONES and with the intent to injure JONES such that JONES is entitled to recover punitive damages in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

**(Failure To Take Steps Reasonably Necessary to Prevent Harassment and Discrimination Against Defendants)**

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action and paragraphs 35 through 39 of the Third Cause of Action as though fully set forth herein.

41. At all times herein mentioned, California Government Code Sections 12940 et seq. of the Fair Employment and Housing Act ("FEHA") and Title VII of the 1964 Civil Rights Act and the corresponding regulations of the California Department of Fair Employment and Housing were in full force and effect and were binding on Defendants, and each of them. These sections, inter alia, require VECTOR and ION, as employers, to refrain from harassing or retaliating against any employee on the basis of, among other things, their race or age including the prohibition against harassment in the workplace based on any of these characteristics.

42. JONES is informed and believes and thereon alleges that Defendants VECTOR and ION failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring in violation of the applicable provisions of Government Code Sections 12940 et seq.

43. Such failure to act constitutes a violation of FEHA because JONES was discriminated against as alleged above.

44. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from her position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

45. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such

mental distress in an amount according to proof at trial.

46. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

<u>FIFTH CAUSE OF ACTION</u>

**(Interference in Violation of FMLA Against Defendants)**

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action, paragraphs 35 through 39 of the Third Cause of Action and paragraphs 41 through 46 of the Fourth Cause of Action as though fully set forth herein.

48. Family Medical Leave Act ("FMLA") provides in pertinent part that it is an unlawful practice for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided by the FMLA.

49. VECTOR and ION are employers covered by the FMLA.

50. JONES suffered from a serious health condition.

51. JONES was eligible for medical leave under the FMLA.

52. JONES notified Defendants of his serious health condition and his need for medical leave.

53. Defendants interfered with JONES' FMLA rights.

54. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from his position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

55. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

56. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

SIXTH CAUSE OF ACTION

**(Retaliation in Violation of FMLA Against Defendants)**

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action, paragraphs 35 through 39 of the Third Cause of Action, paragraphs 41 through 46 of the Fourth Cause of Action and paragraphs 48 through 56 of the Fifth Cause of Action as though fully set forth herein.

58. JONES was eligible for medical leave under the FMLA.

59. JONES requested and took medical leave.

60. Defendants discriminated against and terminated JONES.

61. JONES' request to take medical leave and his taking of medical leave was a negative factor in Defendants' decision to terminate and/or discriminate against JONES.

62. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from his position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

63. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

64. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

SEVENTH CAUSE OF ACTION

**(Interference in Violation of CFRA Against Defendants)**

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action, paragraphs 35 through 39 of the Third Cause of Action, paragraphs 41 through 46 of the Fourth Cause of Action, paragraphs 48 through 56 of the Fifth Cause of Action and paragraphs 58 through 64 of the Sixth Cause of Action as though fully set forth herein.

66. California Family Rights Act ("CFRA") provides in pertinent part that it is an unlawful practice for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided by the CFRA.

67. Defendants are covered by the CFRA.

68. JONES suffered from a serious health condition.

69. JONES was eligible for medical leave under the CFRA.

70. JONES notified Defendants of his serious health condition and his need for medical leave.

71. Defendants interfered with JONES' CFRA rights.

72. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from his position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

73. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

74. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

EIGHTH CAUSE OF ACTION

**(Retaliation in Violation of CFRA Against Defendants)**

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action, paragraphs 35 through 39 of the Third Cause of Action, paragraphs 41 through 46 of the Fourth Cause of Action, paragraphs 48 through 56 of the Fifth Cause of Action, paragraphs 58 through 64 of the Sixth Cause of Action and paragraphs 66 through 74 of the Seventh Cause of Action as though fully set forth herein.

76. JONES was eligible for medical leave under the CFRA.

77. JONES requested and took medical leave.

78. Defendants discriminated against and terminated JONES.

79. JONES' request to take medical leave and his taking of medical leave was a substantial motivating factor in Defendants' decision to terminate and/or discriminate against JONES.

80. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from his position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

81. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

82. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

NINTH CAUSE OF ACTION

**(Violation of Public Policy Against Defendants)**

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the General

Allegations, paragraphs 19 through 25 of the First Cause of Action, paragraphs 27 through 33 of the Second Cause of Action, paragraphs 35 through 39 of the Third Cause of Action, paragraphs 41 through 46 of the Fourth Cause of Action, paragraphs 48 through 56 of the Fifth Cause of Action, paragraphs 58 through 64 of the Sixth Cause of Action, paragraphs 66 through 74 of the Seventh Cause of Action and paragraphs 76 through 82 of the Eighth Cause of Action as though fully set forth herein.

84. JONES is informed and believes and thereon alleges that the discrimination against injured workers perpetrated by Defendants, and each of them, violated the public policy of the State of California.

85. As a proximate result of Defendants' actions, as alleged above, JONES has been harmed in that JONES has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which JONES would have received if JONES had not been terminated from his position with Defendants. As a result of such discrimination and consequent harm, JONES has suffered such damages in an amount unascertainable at this time. JONES will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

86. As a further and proximate result of Defendants' unlawful conduct, JONES has become mentally upset, distressed and aggravated. JONES claims general damages for such mental distress in an amount according to proof at trial.

87. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling JONES to an award of punitive damages.

WHEREFORE, JONES demands judgment from Defendants, and each of them, for:

1. For general damages according to proof at trial;
2. For pre-judgment and post-judgment interest on said sum of damages;
3. For special damages for financial loss according to proof at trial;
4. For punitive damages as allowed by law;
5. For all applicable statutory penalties;
6. A declaratory judgment that Defendants discriminated against and retaliated against

JONES in violation of FEHA;

7. A declaratory judgment that Defendants discriminated against and retaliated against JONES in violation of CFRA;

8. For an order awarding JONES liquidated damages pursuant to 29 U.S.C. Section 2617(a)(1)(A)(iii);

9. Costs of suit herein;

10. For reasonable attorney fees according to proof at trial under the Government Code Section 12965 and California Code of Civil Procedure Section 1021.5; and

11. Such other and further relief as this court may deem just and proper.

DATED: March 16, 2026

THOMPSON LAW, APC.

/s/Eugene S. Thompson

EUGENE S. THOMPSON, ESQ.
Attorneys for Plaintiff
ANTOINE JONES